# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TOBY'S EQUINE RESCUE, INC.,**

     **Plaintiff,**

**v.**                                              **Case No.  8:13-cv-1132-T-30MAP**

**TELECOM LEASE ADVISORS, LLC,**

     **Defendant.**

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration of Order Denying Motion to Strike Demand for Jury Trial (Dkt. 21) and Plaintiff's Response in opposition (Dkt. 22).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

Plaintiff filed this action against Defendant based on Defendant's purported breach of an option to purchase.  The amended complaint asserts the following claims: specific performance of option to purchase; breach of option to purchase; promissory estoppel; intentional interference with advantageous business relationship; and conspiracy to defraud. The amended complaint includes a demand for jury trial.

The option to purchase, which is attached to the amended complaint, does not include a jury waiver.  Defendant moved to strike Plaintiff's demand for jury trial based on a jury waiver that is included in a *separate* lease agreement between the parties.  Plaintiff argued

that the lease agreement was not the operative document entitling Plaintiff to relief in this matter.  The Court agreed and denied Defendant's motion.  The Court concluded that the lease agreement was separate and distinct from the option to purchase.  The Court also noted that the instant action does not relate to Plaintiff's occupancy on the subject property or the parties' relationship as tenant and landlord.  The Court concluded that any jury waiver with respect to Plaintiff's rights under the option to purchase was not knowing, voluntary, and intelligent.  *See Allyn v. Western United Life Assur. Co.,* 347 F. Supp. 2d 1246 (M.D. Fla. 2004).

Defendant's motion for reconsideration rehashes the arguments Defendant asserted in its motion to strike.  Essentially, Defendant is requesting a second bite of the apple. Defendant does not point to a manifest error of law or fact.  And Defendant does not identify newly-discovered evidence that is material to the issue at hand.  *See Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 428 (11th Cir. 2012) (noting that a "motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of [an order]").

In sum, Defendant's reliance on the lease agreement's jury waiver is misplaced because any jury waiver with respect to Plaintiff's rights under the option to purchase is not knowing, voluntary, and intelligent.  *See Allyn v. Western United Life Assur. Co.,* 347 F. Supp. 2d 1246 (M.D. Fla. 2004).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion for Reconsideration of Order Denying Motion to Strike

Demand for Jury Trial (Dkt. 21) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2013\13-cv-1132.mtreconsider.wpd