## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**TOBY'S EQUINE RESCUE, INC.,**

     **Plaintiff,**

**v.**                         **Case No.  8:13-cv-1132-T-30MAP**

**TELECOM LEASE ADVISORS, LLC,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Verified Motion for Temporary Injunction (Dkt. 24), Defendant's Memorandum in Opposition (Dkt. 26), and Plaintiff's Amended Motion for Preliminary Injunction (Dkt. 28).[1]  The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes that the motions should be denied.

## BACKGROUND

Plaintiff Toby's Equine Rescue, Inc. ("Rescue") filed this action against Defendant Telecom Lease Advisors, LLC based on Telecom's purported breach of an option to purchase.  The second amended complaint asserts the following claims: specific performance

---

[1] Plaintiff's amended motion is not substantively different from the original motion. However, it attaches a proposed order and references the affidavit of Charlotte DeWaal, presumably in response to Defendant's argument that Plaintiff's motion failed to attach a proposed order in compliance with Local Rule 4.06.  Regardless, the amended motion does not change the Court's ruling herein.

of option to purchase; breach of option to purchase; promissory estoppel; intentional interference with advantageous business relationship; and equitable estoppel.

Rescue operates a non-profit organization that provides facilities, shelter, food, and medical care for abandoned, abused, or neglected horses.  Rescue alleges that it currently leases a thirty-six acre parcel of land located in Bradenton, Florida from Telecom (the "land").  Rescue and Telecom also negotiated an option to purchase the land that provided Rescue with an exclusive option to purchase the land from October 1, 2012 until April 1, 2013.  Rescue contends that it communicated to Telecom its plans to exercise the option to purchase, Telecom acknowledged Rescue's notice, and Telecom subsequently failed and refused to participate in the preparation for closing because Telecom secretly began negotiations to sell the land to another entity for a much higher price.

Rescue filed the instant action against Telecom on April 5, 2013, in state court. Telecom removed the action to this Court on April 26, 2013.

Rescue now moves for a preliminary injunction to preserve the "status quo" of the land: the landlord-tenant relationship between Rescue and Telecom.  The motion states that on April 24, 2013, Telecom filed an eviction action against Rescue in the County Court for Manatee County, Florida, due to Rescue's breach of the lease agreement between the parties. Although not a model of clarity, Rescue appears to request this Court to enter an injunction staying the state court eviction action.  Rescue argues that if it prevails in this case, it will "become the fee-simple owner of the Property", thus "negating" Telecom's eviction action in the state court (Dkt. 28).  The affidavit of Charlotte De Waal, Rescue's President, states that Rescue will suffer irreparable damage if it is evicted from the land.  Specifically, Rescue

"will be forced to move the twenty-one (21) recovering horses to a new equestrian facility with similar facilities, which would be nearly impossible to find."  (Dkt. 29-1).

Upon consideration of the parties' arguments, the Court denies Rescue's motion.  As set forth below, any injunction issued from this Court that directs the state court to stay the eviction action is in violation of the federal Anti-Injunction Act, 28 U.S.C. § 2283.  The motion is also flawed in several other respects.

## DISCUSSION

Injunctive relief claims in federal court against state court eviction proceedings, including preliminary injunctions and temporary restraining orders, are barred by the federal Anti-Injunction Act unless they fall within one of three exceptions: (1) the injunction is expressly authorized by an Act of Congress; (2) the injunction is "necessary in aid of [the court's] jurisdiction"; or (3) the injunction is necessary "to protect or effectuate [the court's] judgments."  *See* 28 U.S.C. § 2283.  This is an "absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 286 (1970).  The Eleventh Circuit has interpreted the Act as "an absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions." *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1249-50 (11th Cir. 2006) (quoting *Nat'l R.R. Passenger Corp. v. Florida,* 929 F.2d 1532, 1535 (11th Cir.1991)).

In *Bayshore,* the Eleventh Circuit further noted that the exceptions in the statute are to be "strictly interpreted" and that "proceedings in state court should normally be allowed

to continue unimpaired by intervention of the lower federal court, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court." *Id.* at 1250 (internal quotation omitted).

The Court concludes that none of the three exceptions apply here.[2]  Therefore, the Court cannot enjoin or stay the state court eviction action.  *See, e.g., Boross v. Liberty Life Ins. Co.,* No. 4:10-CV-144, 2011 WL 2945819, at *2 (S.D. Ga. July 21, 2011) (holding Anti-Injunction Act barred plaintiff's request to enjoin eviction proceedings); *Farrell v. Poythress,* No. 1:10-CV-1309, 2010 WL 2411502, at *2 (N.D. Ga. May 11, 2010) (same).  Notably, although Rescue's proposed order does not specifically reference enjoining or staying the state court action, common sense dictates that such a stay would be necessary in order to enjoin Telecom from seeking Rescue's eviction in that proceeding.

Even if the federal Anti-Injunction Act did not apply, injunctive relief would be inappropriate under the circumstances.  The second amended complaint does not include any request for injunctive relief.  And the legal claims in this case have no bearing on Rescue's current lease with Telecom.  In other words, this action is not about Rescue's current tenancy on the land; this action is about whether Telecom breached the option to purchase the land.

The motion also does not meet the *federal* standard for a preliminary injunction.[3]  The Eleventh Circuit has established four prerequisites for a preliminary injunction.  The movant must clearly show: (1) substantial likelihood of success on the merits; (2) substantial threat

---

[2] Notably, neither party referenced the federal Anti-Injunction Act's preclusion of the requested injunctive relief in their filings.

[3] The motion incorrectly cites to Florida law.

of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs the harm an injunction may cause defendant; and (4) that granting the injunction would not disserve the public interest. *See Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994). Importantly, "[b]ecause a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore,* 234 F.3d 1163, 1179 (11th Cir. 2000) (internal quotation omitted). Rescue does not clearly carry the burden of persuasion on any of the four elements.[4]

It is therefore **ORDERED AND ADJUDGED** that:

1.     Plaintiff's Verified Motion for Temporary Injunction (Dkt. 24) and Plaintiff's Amended Motion for Preliminary Injunction (Dkt. 28) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on August 26, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2013\13-cv-1132.mt-preliminj.frm

---

[4] It is clear from the requested relief that Rescue does not request issuance of a preliminary injunction to preserve the status quo until the merits of his claims have been completely adjudicated, which is the limited purpose of a preliminary injunction. *See Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Rather, Rescue seeks preliminary injunctive relief to alter the status quo, to wit, to obtain relief properly granted only upon adjudication of the merits of the issues presented in this case. This same reasoning applies to Rescue's superficial request for an order enjoining Telecom from conveying the land to a third-party.